# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**T.K.-1, and S.K., by his next friend and mother, T.K.-2,**
**Plaintiffs Below, Petitioners**

**FILED**
**May 23, 2024**
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-144**   (Cir. Ct. of Harrison Cnty., No. CC-17-2022-C-AP-9)

**J.K.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners T.K.-1, and S.K., by his next friend and mother, T.K.-2, appeal the March 9, 2023, final order of the Circuit Court of Harrison County.[1] Respondent J.K. filed a summary response in support of the circuit court's order.[2] Petitioners filed a reply. The issues on appeal are whether the circuit court erred in finding that petitioners' claim against J.K. for conversion was fully resolved and whether the circuit court erred in failing to recognize J.K.'s alleged trespass of chattels and breach of fiduciary duty to T.K.-1 and S.K.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. Pro 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).  Additionally, because the child and mother have the same initials, we will refer to them as T.K.-1 and T.K.-2, respectively, throughout this memorandum decision.

Further, as noted by the circuit court in its March 9, 2023, final order, during the pendency of this case, T.K.-1 reached the age of majority and was no longer required to proceed through her next friend, T.K.-2. However, the circuit court found that T.K.-1 advised that she wished to continue with this legal action, as she was "involved with the decision to bring such lawsuit and reaching the age of majority did not change her position."

[2] T.K.-1 and S.K., by his next friend and mother T.K.-2, are represented by Richard R. Marsh, Esq., and J.K. is represented by John R. Funkhouser, Esq.

1

these reasons, a memorandum decision affirming the circuit court's March 9, 2023, final order is appropriate under Rule 21 of the Rules of Appellate Procedure.

T.K.-1 and S.K., are two of the three children of P.K., who died intestate on November 13, 2021.[3] At the time of his death, P.K. was unmarried and divorced from T.K.-2. In the days immediately following P.K.'s death, his mother, J.K., a resident of Maryland, traveled to P.K.'s home and removed numerous items from the home.[4] J.K., along with P.K.'s adult brother, reportedly removed such items at the request of P.K., in an attempt to hold the items for T.K.-1 and S.K., until they were older, as P.K. allegedly believed that the items would be taken by his ex-wife, T.K.-2.

On April 11, 2022, T.K.-1 and S.K. filed the underlying civil action in the Magistrate Court of Harrison County. In their complaint, T.K.-1 and S.K. alleged that J.K. had converted the assets of P.K. and sought associated damages.[5] J.K. answered the complaint and denied petitioners' allegations. A bench trial was held in magistrate court on September 22, 2022. At the conclusion of the bench trial, J.K. "returned the personal property to" petitioners, in the presence of counsel.

On September 23, 2022, the magistrate court entered a "Civil Judgment" order finding "Judgment Defendant – No Monies Awarded & to Return all Questioned Property to Owners." Thereafter, on October 12, 2022, petitioners filed their notice of appeal requesting that this matter be heard in the Circuit Court of Harrison County *de novo*. The matter was originally set in circuit court for a bench trial on November 20, 2022, which was continued to January 24, 2023. During the bench trial, T.K.-1, S.K., and T.K.-2 testified as witnesses, but did not introduce any exhibits or other evidence. In response to the testimony of petitioners, J.K. testified that at the conclusion of the September 22, 2022, magistrate court bench trial, she returned all items of personal property that she collected following her son's death.[6]

On March 9, 2023, the circuit court entered its order affirming the magistrate court's ruling, finding that all the items at issue were returned and that "there was no evidence

---

[3] P.K.'s third child, D.K., is an adult and is not involved in this action.

[4] T.K.-1 and S.K. contend that J.K. removed P.K's wallet, clothing, safes, handguns, rifles, family crest, money, jewelry, collectibles, cell phone, and a business laptop.

[5] Initially, petitioners raised an additional claim against J.K. for "tortious interference with a business relationship," but that claim was subsequently dropped by petitioners and is not at issue in this appeal.

[6] We note that no transcript from the January 24, 2023, bench trial was included in the record before this Court.

presented to demonstrate that the [respondent] had the intention of depriving [P.K.'s children] of the belongings." Further, the court found that "[a]s it pertains to the personal belongings of [P.K.]," that neither party "offered into evidence any type of written records indicating what items were collected or returned." It is from the circuit court's March 9, 2023, final order that petitioners now appeal.

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, the Supreme Court of Appeals of West Virginia ("SCAWV") has held that "a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Pub. Citizen, Inc., v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioners argue that the circuit court erred in finding that their claims against J.K. for conversion were fully resolved and in failing to recognize J.K.'s trespass of chattels and breach of fiduciary duty claims, which were not expressly raised by petitioners in their underlying complaint.[7] On all points, we disagree with petitioners and will address their arguments together.

The SCAWV has consistently held that "[d]etermining the credibility of witnesses and weight of evidence is 'the exclusive function and task of the trier of fact.' *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995)." *Lilly v. Huntington Nat'l Bank,* No. 22-553, 2023 WL 7983837, at *3 (W. Va. Nov. 17, 2023) (memorandum decision). Further, Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in relevant part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." As the trier of fact, the magistrate and circuit court judges below, who independently heard testimony by all parties in support of their arguments, were in the unique position to assess the credibility of each witness and clearly believed J.K's testimony and not that of petitioners. In circuit court, petitioners offered testimony that some of the items taken by J.K. were not returned (i.e., money from P.K.'s safe) or were returned damaged (i.e., a broken cell phone). However, the circuit court, after hearing the arguments and attestations of both parties, found no credibility in petitioners' unsubstantiated assertions, thus resolving any conversion claim, as well as any arguable claim for trespass to chattels and breach of fiduciary duty. Accordingly, we find no clear

---

[7]Petitioners' citation to the record to support their claim for trespass of chattels and breach of fiduciary duty, as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, is simply a cite to a proposed order petitioners submitted to the circuit court for consideration following the bench trial. No transcript from any proceeding below was included in the appendix record prepared by petitioners.

error in the circuit court's factual determinations or abuse of discretion in its disposition of petitioners' claims and we affirm the circuit court's March 9, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4